## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

DAVID JIMINEZ,                          )
                                        )
                            Plaintiff,  )
                v.                      )          Civil Action No. 2010-0074
                                        )
PEPSICO FOODS CARIBBEAN, INC.           )
                                        )
                                        )
                            Defendant.  )
_____ )

## MEMORANDUM OPINION

Finch, Senior Judge

      **THIS MATTER** is before the Court on Plaintiff David Jiminez's appeal of the Magistrate Judge's August 31, 2011 Order wherein the Magistrate Judge declined to reconsider his prior order denying Plaintiff's untimely Motion to Compel.  After reviewing the briefs of the parties and the record, the Court affirms the Magistrate Judge's Order for the reasons stated below.

### I.    Procedural History

      Plaintiff David Jiminez ("Plaintiff"), born and raised in the Dominican Republic, filed his employment discrimination complaint on August 9, 2010 alleging that Defendant Pepsico Foods Caribbean, Inc. ("Defendant") discriminated against him because he was not Puerto Rican and unfairly terminated his employment.   (ECF No. 1)  On November 3, 2010, the Magistrate Judge held a scheduling conference and issued a scheduling order stating that "[a]ll factual discovery, including written discovery and fact witness depositions, will be completed by May 13, 2011." (ECF No. 8)  On November 19, 2010, Defendant sent out its initial disclosures pursuant to Fed.

R. Civ. P.  26.  As part of that disclosure, Defendant produced approximately 100 pages of documents.  (ECF No. 9)

Defendant propounded document requests and interrogatories to Plaintiff on December 2, 2010. (ECF Nos. 10-11)  Plaintiff belatedly responded to those requests on March 3, 2011 and April 18, 2011.[1]  (ECF Nos. 13-14)  On May 11, 2011, Defendant noticed the deposition of Plaintiff to take place on May 19, 2011.[2]  (ECF No. 15)  On May 13, 2011, the last day of the original discovery period, Plaintiff moved for an extension of time to complete discovery on the basis that Defendant had noticed his deposition to take place outside the May 13, 2011 discovery deadline and that he needed more time to translate the documents produced by Defendant in November 2010.[3]  (ECF No. 16)  On May 17, 2011, Defendant objected to the requested extension on the grounds that Plaintiff had not been diligent in pursuing discovery.   (ECF No. 19)

On May 16, 2011, Plaintiff finally propounded document requests and interrogatories to Defendant.  (ECF Docs. 17-18)  On May 20, 2011, the Magistrate Judge granted in part Plaintiff's motion to extend the discovery deadline.  In his order, the Magistrate Judge extended the discovery deadline to June 30, 2011 and stated that "[a]ll factual discovery, including written discovery and fact witness depositions, shall be completed on or before June 30, 2011."  (ECF No. 23)

---

[1] According to an email exchange between the parties, Plaintiff was given multiple extensions but nonetheless failed to respond within the agreed upon time. (*See* ECF Nos. 19-1 and 19-2)
[2] Defendant contends that Plaintiff's failure to timely respond to its discovery requests precipitated noticing Plaintiff's deposition outside the original May 13, 2011 discovery cutoff. (*See* ECF Nos. 19, 19-1, 19-2, and 19-3)
[3] Plaintiff claimed that the majority of the documents produced by Defendant were in Spanish.

On May 26, 2011, Plaintiff noticed Defendant's 30(b)(6) deposition for June 24, 2011 to take place in St. Croix.  (ECF No. 27)  On June 17, 2010, Defendant filed a motion for a protective order seeking to limit the scope of the 30(b)(6) deposition and that it take place in Puerto Rico. (ECF No. 28)  On June 21, 2011, Plaintiff filed an "Opposition and Cross-Motion To Emergency Motion of the Defendant For Protective Order."  (ECF No. 29)   By that opposition/cross-motion Plaintiff sought to delay Defendant's 30(b)(6) deposition "until written discovery has been received, reviewed and compelled, if necessary, before proceeding the 30(b)(6) . . . ." (ECF No. 29 at 6-7)  On June 27, 2011, the Magistrate Judge held a hearing on Defendant's Motion for a Protective Order.   Later that day, the Magistrate Judge granted Defendant's Motion for a Protective Order, in part, limiting some of the topics about which Plaintiff could depose Defendant's 30(b)(6) designee and holding that "Plaintiff may re-notice Defendant's 30(b)(6) deposition for a date, time, and location in Puerto Rico acceptable to both parties. Such deposition and the continuation of Plaintiff's deposition shall be completed on or before August 31, 2011. **All other factual discovery, and any motions related to such discovery, shall close, as previously ordered, on June 30, 2011**." (ECF No. 36) (emphasis added)

On June 21, 2011, Defendant filed notices that it had responded to Plaintiff's interrogatories and document requests.  (ECF Nos. 30-31)  Defendant filed a supplemental response to Plaintiff's document requests on June 24, 2011, identifying documents previously produced that it contended were responsive to Plaintiff's document requests.  (ECF No. 34)

On July 21, 2011, three weeks after the June 30, 2011 discovery cutoff, Plaintiff filed an emergency motion to compel and for sanctions, seeking further answers to its May 16, 2011 document requests and interrogatories.  (ECF No. 41)  Defendant filed its opposition on July 29,

2011. (ECF No. 42)  On August 2, 2011, the Magistrate Judge denied the Motion to Compel, holding that the Court "has adopted the general rule that motions to compel discovery must be filed within the time allowed for the discovery itself . . . Because Plaintiff filed his motion three weeks after discovery and the time for any motions related to such discovery had closed, the Court finds said motion untimely." (ECF No. 43)

On August 16, 2011, Plaintiff sought reconsideration of the Magistrate Judge's Order. The Motion for Reconsideration was denied by the Magistrate Judge on August 31, 2011. (ECF No. 54)  On September 15, 2011, Plaintiff filed his appeal from that Order.[4]  (ECF No. 60)  On September 28, 2011, Defendant filed its opposition to Plaintiff's appeal.

## II.   **Analysis**

### a.   **Standard of Review**

Under Local Rule of Civil Procedure 72.1, magistrate judges in the Virgin Islands are "designated to hear and determine in all civil causes any pretrial matter permitted by 28 U.S.C. § 636."  This includes discovery matters.  "[T]he proper standard of review for discovery orders is the clearly erroneous or contrary to law standard." *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 92 (3d Cir. 1992) (citations omitted); *Clarke v. Marriot Intern., Inc.*, 2010 WL 1657340, at *2 (D.V.I. 2010) (same); *see also Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 146 (3d Cir. 2009) (citation omitted) ("A district judge may only set aside an order of a magistrate concerning a nondispositive matter where the order has been shown to be clearly erroneous or contrary to law."); *see also* 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a).

---

[4] On that same day, Plaintiff simultaneously filed a motion to stay the Magistrate Judge's August 31, 2011 Order pending his appeal of that Order to this Court.  (ECF No. 59)

Under the clearly erroneous standard, "a reviewing court can upset a [magistrate's] finding of fact, even when supported by some evidence, but only if the court has the definite and firm conviction that a mistake has been committed." *Haines*, 975 F.2d at 92 (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate's finding of law is "contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law." *Clarke,* 2010 WL 16357340, at *2 (citation omitted).

"[C]ontrol of discovery is committed to the discretion of the trial court." *McMullen v. Bay Ship Management*, 335 F.3d 215, 217 (3d Cir. 2003). When ruling on non-dispositive pretrial matters such as discovery, a magistrate judge's decisions are accorded wide discretion. *Clarke,* 2010 WL 16357340, at *2 (citation omitted). "A party seeking to overturn a discovery order. . . bears a heavy burden. Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes." *Botta v. Barnhart*, 475 F.Supp.2d 174, 185 (E.D.N.Y. 2007) (internal quotations and citations omitted).

**b.  The Magistrate Judge's August 31, 2011 Order**

In his August 31, 2011 Order, the Magistrate Judge denied Plaintiff's Motion for Reconsideration of the denial of his Motion to Compel. The basis for the denial was that: 1) Plaintiff conducted essentially no discovery during the original six month discovery period; 2) Plaintiff filed his Motion to Compel three weeks after the extended June 30, 2011 discovery cutoff; 3) the Court requires that motions to compel discovery be filed within the discovery period itself; 4) the Magistrate Judge's June 27, 2011 Order specifically stated that, except for Defendant's 30(b)(6) deposition and Plaintiff's deposition, fact discovery would close on June 30, 2011, and that any motions to compel must be filed before the discovery cutoff.

In his appeal, Plaintiff does not clearly articulate the legal basis for his appeal. Thus, it is not easy for the Court to determine exactly what errors of fact or law that Plaintiff alleges the Magistrate Judge committed. Nonetheless, after reviewing the Magistrate Judge's August 31, 2011 Order, the Court finds no error of fact or law in the Magistrate Judge's ruling.

This Court has previously held that, absent extenuating circumstances, "motions to compel discovery must be filed within the time allowed for the discovery itself." *Clarke,* 2010 WL 1657340, at \*6. This is not a novel proposition of law and has been repeatedly followed by this and many other courts. *Id.* (collecting cases); *see also Wilson v. Virgin Islands Water and Power Authority*, 2010 WL 2554655, at \*1 (D.V.I. 2010) ("The Court is not alone in requiring motions to compel discovery be filed within the time allowed for discovery") (collecting cases); *Flynn v. Health Advocate, Inc*., 2005 WL 288989, at\*8 (E.D. Pa. 2005) ("Many courts have stated that Motions to Compel filed after the discovery deadline are untimely.") (collecting cases). Moreover, in his June 27, 2011 Order the Magistrate Judge stated that "[a]ll other factual discovery, and *any motions related to such discovery*, shall close, as previously ordered, on June 30, 2011." (ECF No. 36) (emphasis added). Plaintiff filed his Motion to Compel on July 21, 2011. Thus, the Magistrate Judge did not err when he held that Plaintiff's Motion to Compel was untimely.

Furthermore, Plaintiff's extreme dilatoriness in this case does not support a finding of an "extenuating circumstance." *See Clarke,* 2010 WL 1657340, at \*6 n. 9 (noting that "[t]his Court does not hold that a motion to compel is untimely *per se* if filed after the discovery cut-off. There might be extenuating circumstances where an otherwise diligent party was unable to move to compel until after the deadline."). Here, the record reflects that Plaintiff undertook no non self-

executing discovery during the original six month discovery period.[5]   Plaintiff moved for extension of the discovery period on May 13, 2011, the day of the discovery cutoff, received a limited extension until June 30, 2011, finally propounded discovery on May 16, 2011, and filed a motion to compel three weeks after the extended discovery cutoff.  Having waited until after the initial discovery period to propound any discovery and then waiting three weeks after the discovery cutoff to move to compel, Plaintiff has not demonstrated that he was diligent in attempting to obtain this evidence.[6]   *See Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 778 (3d Cir. 2000) (quotation omitted) (holding that a court's conduct of discovery procedures should not be upset "absent a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible."); *Clarke,* 2010 WL 1657340, at *5 (affirming Magistrate Judge's denial of plaintiff's motion to extend discovery deadline because plaintiff failed to show that she was diligent in obtaining evidence); *see also Rosetsky v. Nat'l Bd. of Med. Examiners of the United States*, 350 Fed. Appx. 698 (3d Cir. 2009) (unpublished) (denying motion to extend discovery deadline because "rather than attempting to work within the sixty-day discovery schedule set by the district court, [plaintiff's] counsel waited until the eve of the deadline to notice any depositions."); *Audi AG v.*

---

[5]  Plaintiff received documents from Defendant pursuant to its Rule 26 disclosures, but inexplicably made no document requests, interrogatory requests, requests for admission and noticed no depositions during the original six month discovery period.

[6]  Plaintiff complains that Defendant filed belated discovery responses to his May 16, 2011 document requests.  According to Plaintiff, Defendant's responses to his discovery requests were due on June 16, 2011.  *See* Fed. R. Civ. P. 33 (a party must respond to interrogatory requests within 30 days after being served).  However, Defendant contends that Plaintiff agreed to the June 21, 2011 response date. (ECF No. 32 at. P 3) In any event, Defendant's responses came 9 days before the discovery cutoff, giving Plaintiff sufficient time to either move to compel or ask the Court for more time in a properly noticed motion.  Moreover, even if Defendant was five days late in responding to these discovery requests, that does not mitigate the fact that Plaintiff conducted virtually no discovery during the six month period allotted by the Court.

*D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006) (affirming district court's denial of motion to compel and extend discovery deadline because "a delay of two-and-a-half months is dilatory.").

Finally, the Magistrate Judge did not err when he rejected Plaintiff's contention that the June 27, 2011 Order stating that "[a]ll other factual discovery, and any motions related to such discovery, shall close, as previously ordered, on June 30, 2011" did not apply to her outstanding discovery requests.  In his Motion for Reconsideration, Plaintiff argued that at the June 27, 2011 hearing, upon hearing that Plaintiff needed more time to review Defendant's discovery responses:

> [T]he Court acknowledged Plaintiff's predicament and indicated at the hearing that Plaintiff was entitled to additional time review Defendant's belated discovery responses. The Court then extended the deadline for the 30(b)(6) deposition to August 31, 2011. This 2 month extension permitted Plaintiff a reasonable time to interpret and review Defendant's belated production of documents and interrogatories, prior to scheduling Defendant's 30(b)(6) deposition. Within the context of the Hearing and argument on Plaintiff's cross-motion, the 2 month extension surely considered the fact that Plaintiff was entitled to review Defendant's written discovery responses and compel Defendant's compliance with Rule 33 and Rule 34 before proceeding with the 30(b)(6) deposition.

(ECF No. 45 at pp. 6-7)

The Magistrate Judge rejected this argument finding that:

> Despite Plaintiff's interpretation, as set forth in his motion to reconsider at 2, it is clear from the Court's said order and what transpired during that hearing on Defendant's emergency motion for protective order, the "all other factual discovery" referenced in the June 27, 2011, order, included *all* written discovery and discovery other than Defendant's 30(b)(6) deposition and Plaintiff's deposition.

(ECF No. 54 at p.2 n.2) (emphasis added)

After reviewing the transcript of that proceeding, this Court concurs with the Magistrate Judge.  At the beginning of the June 27, 2011 hearing the Magistrate Judge stated that:

> I want to first indicate for the record that any reference to motions concerning failure to provide discovery or motion to compel, has to be dealt with in a separate

> pleading. It can't be used in relationship to the protection motion . . . . When a
> new motion comes in then I will address that . . . . Having said that, what I'd like
> the parties to address is, one, any arguments concerning new items, anything
> additional that has not already been put in writing I should say, concerning where
> the deposition should take place. And concerning the limitations that should be
> addressed in the deposition.

(*See* June 27, 2011 Transcript at 4, ECF No. 60-1)  The Judge made this statement in response to the fact that Plaintiff's opposition to Defendant's Motion for a Protective Order included a "cross-motion" requesting that Defendant's 30(b)(6) deposition not go forward "until written discovery has been received, reviewed and compelled, if necessary."   In other words, the Magistrate Judge was instructing Plaintiff that he was only resolving Defendant's Motion for a Protective Order and that he was not going to address her "cross-motion" until she filed a properly noticed motion.[7]  Contrary to Plaintiff's assertion, at no point did the Magistrate Judge state that Plaintiff was entitled to additional time to review Defendant's discovery responses for the purposes of determining whether a motion to compel was proper.  The Magistrate Judge's June 27, 2011 Order allowed the 30(b)(6) deposition and Plaintiff's deposition to go forward after the June 30, 2011 cutoff but that "[a]ll other factual discovery, and any motions related to such discovery, shall close, as previously ordered, on June 30, 2011."  Plaintiff's assumption that this ruling somehow excluded his extant discovery requests was unreasonable, especially in light of his own extremely dilatory discovery conduct.

---

[7] The Magistrate Judge's position was entirely consistent with Fed. R. Civ. P. 7(b) and its Local Rule counterpart, LRCi 7.1, which contemplate that requests for relief from the Court are made by motion. These rules do not appear to allow for the filing of a "cross-motion" or authorize a party to insert a motion inside an opposition.

III.    **Conclusion**

For the reasons discussed above, Plaintiff's Appeal of the Magistrate Judge's August 31, 2011 Order is denied and Plaintiff's Motion to Stay pending appeal is denied as moot.  An appropriate order accompanies this Memorandum Opinion.


Date: October 6, 2011                            _____/s/_____
                                                 RAYMOND L. FINCH
                                                 Senior District Judge